UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JULIO VIRGILIO GARCIA MUNOZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:12-CR-10-TAV-CCS-4 |
| | ) | 3:17-CV-208-TAV |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Now before the Court is Petitioner's pro se motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [Doc. 254].[1] Respondent has filed a response in opposition to this motion on the grounds that the § 2255 is time-barred [Doc. 256]. For the following reasons, the § 2255 is time-barred and will be **DENIED**, and this action will therefore be **DISMISSED**.

On June 27, 2014, the Court entered a judgment against Petitioner for one count of conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §924(c) [Doc. 35]. Petitioner did not appeal this judgment. On May 4, 2017, Petitioner filed the instant § 2255 motion [Doc. 254], in which he asserts that his sentence

---

[1] All citations to the record refer to the criminal case.

is unlawful based on the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017).

Title 28 United States Code § 2255(f) provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner states that his § 2255 motion is timely under section (3) above, as he filed the motion within one year of the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), which Petitioner asserts is retroactively applicable [Doc. 254 p. 2].

In *Schriro v. Summerlin*, 542 U.S. 348 (2004), the Supreme Court summarized the various ways in which new rules affect cases, explaining that newly announced rules apply retroactively in limited situations. *Id.* at 351–52. Specifically, only new substantive rules generally apply retroactively. *Id.* The Supreme Court has recognized two types of new substantive rules: (1) decisions narrowing the scope of a criminal statute by interpreting its

terms, *see Bousley*, 523 U.S. at 620–21, and (2) constitutional determinations placing certain conduct or persons covered by the statute beyond the State's power to punish. *Teague v. Lane*, 489 U.S. 288, 311 (1989); *see also Schriro*, 542 U.S. at 352–53 (outlining the above categories of new substantive rules). Substantive rules "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make a crime' or faces a punishment that the law cannot impose upon him." *Schriro,* 542 U.S. at 353 (quoting *Bousley*, 523 U.S. at 620).

To the contrary, new procedural rules regulate only the manner of determining the defendant's culpability," and therefore generally do not apply retroactively *Id.* at 351, 353. Unlike new substantive rules, which create a class of people who were subjected to punishment the law does not condone, procedural rules "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted." *Id.* "Because of this more speculative connection to innocence, [the Supreme Court has given] retroactive effect to only a small set of 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.* (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

In *Dean v. United States*, 137 S. Ct. 1170 (2017), the Supreme Court held that "[n]othing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentenced imposed under § 924(c) when calculating a just sentence for the predicate count." *Id.* at 1176–77. In other words, "*Dean* merely

explained that a sentencing court could consider a lengthy mandatory minimum [sentence] under [18 U.S.C. § 3553(a)] in crafting its sentence on the non-924(c) predicate offense." *United States v. Davenport*, Nos. 1:00-CR-19, 1:17-CV-128, 2018 WL 3340572, at *4 (E.D. Tenn. July 6, 2018). Thus, *Dean* is not a substantive rule because it did not narrow the scope of § 924(c), but rather it merely "provides further insight into the factors a court may take into consideration in crafting an appropriate sentence . . . ." *Id.*; *see, e.g., United States v. Ramirez*, Nos. 18-CV-759-PAB, 14-CR-249-PAB-2, 2018 WL 3159896, at *2 (June 28, 2018) (listing cases concluding that *Dean* is not retroactively applicable to cases on collateral review). Nor did *Dean* establish the type of watershed procedural rule for which collateral relief is available.

Accordingly, the Court finds that *Dean* is not retroactively applicable to Petitioner's § 2255 motion. As such, Petitioner's § 2255 motion [Doc. 254] is untimely and it will be **DENIED**, and this action will be **DISMISSED.**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. Because the Court has dismissed this action on a procedural ground without reaching the merits of the underlying claims and jurists of reason would not find it debatable that the Court is correct in its procedural ruling, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner

leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                       s/ Thomas A. Varlan
                                       CHIEF UNITED STATES DISTRICT JUDGE